UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAMELA HUGHES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF MENDOCINO, et al.,<br><br>　　　　Defendants. | Case No:  C 11-1319  SBA<br><br>**ORDER**<br><br>Docket 5, 11 |

Plaintiff Pamela Hughes ("Plaintiff") brings the instant disability discrimination and retaliation action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900. The parties are presently before the Court on Defendant County of Mendocino's ("Defendant") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Dkt. 5, 11.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS WITH LEAVE TO AMEND Defendant's motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b).

**I.    BACKGROUND**

　　**A.    FACTUAL BACKGROUND**

On October 13, 2002, the Public Health Department for the County of Mendocino hired Plaintiff as a Health Program Technician.  Dkt. 1 ¶¶ 1, 11.  On November 26, 2002, Plaintiff was injured when exiting a coworker's office and walking "full force into the edge of an open door."  Id. ¶12.  Plaintiff was taken to the hospital and she was diagnosed with a broken nose and closed head trauma.  Id.  Plaintiff filed a workers' compensation claim.  Id. ¶14.  After Plaintiff had noticeable changes in her work performance and had taken an extended leave of absence to heal from her injury, Plaintiff was eventually diagnosed on

July 25, 2006 with organic brain damage secondary to the head trauma occurring in November 2002. Id. ¶19. Following several medical examinations, including those performed by psychiatrist Richard Lieberman, M.D., Plaintiff filed an application with Defendant for a service-connected disability retirement. Id. ¶22. On June 20, 2008, Dr. Lieberman recommended that Plaintiff be offered modified work at a library or museum. Id. ¶¶23, 26. On September 2, 2008, Plaintiff's request for disability retirement was denied. Id. ¶28.

On September 10, 2008, Defendant informed Plaintiff that a return-to-work meeting had been scheduled. Id. ¶29. At the September 23, 2008 return-to-work meeting, Defendant took the position that Plaintiff was cleared to return to her job as a program technician and Plaintiff requested a modification of returning to work in a library or museum. Id. ¶31. Upon Plaintiff's request, the return-to-work coordinator allegedly became "very hostile . . ., abruptly ending the meeting." Id.

On October 20, 2008, Defendant sent Plaintiff ADA/FEHA accommodations forms, which Plaintiff allegedly returned to Defendant. Id. ¶¶ 33-36. On December 29, 2008, Defendant terminated Plaintiff for job abandonment, asserting that Plaintiff had failed to return the required ADA/FEHA accommodation documents. Id. ¶38. On January 22, 2009, Plaintiff filed a charge of disability discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). Id. ¶5. Plaintiff filed a separate charge with the California Department of Fair Employment and Housing ("DFEH"). Id. On October 26, 2009, Plaintiff received a right-to-sue notice from the DFEH. Id. On December 20, 2010, Plaintiff received her right-to-sue notice from the EEOC. Id.

### B. PROCEDURAL BACKGROUND

On March 18, 2011, within ninety days of receiving her EEOC right-to-sue notice, Plaintiff filed her complaint against Defendant. Id. Plaintiff asserts federal claims under the ADA, 42 U.S.C. § 12101, and state claims under the FEHA, Cal. Gov. Code § 12900, for disability discrimination and retaliation. Id.

On April 20, 2011, Defendant filed a motion to dismiss under Federal Rule Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 5, 11. In its opening papers, Defendant argues that Plaintiff's federal and state claims are time barred because Plaintiff did not file the federal claims within ninety days of receiving the right-to-sue letter from the EEOC and did not file the state claims within one year of receiving the right-to-sue letter from the DFEH. Dkt. 5, 11. In connection with her opposition, Plaintiff produces a copy of the EEOC right-to-sue letter, showing that the letter was sent on December 20, 2010, and therefore Plaintiff has timely filed her federal claims. Dkt. 16. Ex. A. Thus, in its reply, Defendant withdraws its argument that the federal claims are time barred, but maintains that the state claims nevertheless are barred. Dkt. 21. Plaintiff argues that her claims are not time barred because they were equitably tolled. Dkt. 16.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) a district court must dismiss a complaint if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). The court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[.]" Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d 1090, 1096 (9th Cir. 2008); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

## III.     DISCUSSION

A party may move under Rule 12(b)(6) to dismiss claims for being time barred if the running of the statute of limitations is apparent from the face of the complaint. Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010). The one-

year time limit by which a plaintiff must file suit upon receipt of a right-to-sue letter from the DFEH acts as a statute of limitations.  See Cal.Gov't Code §§ 12965(b)&(d); Downs v. Dep't of Water & Power, 58 Cal.App.4th 1093, 1099 (1997) (discussing equitable tolling principles that apply to the one-year time limit in Cal. Gov't Code § 12965(b)).  Thus, a defendant may raise the argument that a plaintiff's FEHA claims are barred by failure to timely file suit after receipt of a right-to-sue letter from the DFEH through a Rule 12(b)(6) motion, if the running of that time period is apparent from the face of the complaint.

However, the time to file a lawsuit after receipt of a right-to-sue letter from the DFEH may be equitably tolled if (1) the plaintiff timely files a charge of discrimination concurrently with the EEOC and the DFEH, (2) the DFEH defers the investigation of the charge to the EEOC, and (3) the DFEH issues a right-to-sue letter upon deferral to the EEOC's investigation.  Cal. Gov't Code §§ 12965(d)(1)(A-C)&(d)(2); see also Downs v. Department of Water & Power of City of Los Angeles, 58 Cal.App.4th 1098 (1997).  The time period is equitably tolled until the federal time period to commence suit or one year from the time the DFEH right-to-sue letter is issued, whichever is later.  Id. §12965(d)(2).

Defendant argues that Plaintiff's FEHA claims are time barred because she filed her claims more than one year after receipt of the DFEH right-to-sue letter and that the equitable tolling principles in § 12965(d) do not apply because the DFEH did not defer its investigation to the EEOC.  As support for its argument, Defendant relies on the charges of discrimination filed with the EEOC and DFEH, as well as the right-to-sue letters from both agencies.  Dkt. 7, Exs. A-D.[1]  These documents do not specifically address the issue of whether the DFEH deferred its investigation to the EEOC.  However, Plaintiff's complaint also does not address any of the requirements of equitable tolling, and, in particular, whether the DFEH deferred its investigation to the EEOC.  Because it is clear from the face

---

[1] Authority exists for taking judicial notice of the charges and right-to-sue letters, as the contents of which are alleged in the complaint.  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (taking judicial notice of documents whose contents are alleged in the complaint, but not physically attached to the complaint); Barber v. City of Crescent City, C 08-4883 CW, 2009 WL 733890 (N.D.Cal. March 17, 2009) (taking judicial notice of discrimination charge and right-to-sue letters).

of the complaint that Plaintiff's FEHA claims were filed more than one year from receiving the right-to-sue letter from the DFEH and because it is not clear whether the principles of equitable tolling apply, the Court GRANTS Defendant's motion to dismiss with leave to amend to give Plaintiff the opportunity to cure deficiencies pertaining to equitable tolling.

## IV. CONCLUSION

For all the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff shall have twenty (20) days from the date this order is filed to file an amended complaint consistent with this order and her obligations under Federal Rule of Civil Procedure 11. Defendant shall have twenty (20) days from the date Plaintiff files an amended complaint to respond to the amended complaint.

2. This Order terminates Docket 5 and 11.

IT IS SO ORDERED.

Dated: October 6, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge